UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| JESSE McNEELEY, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| v. | ) | No. 3:14 CV 1704 |
| SUPERINTENDENT, | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Jesse McNeeley, a *pro se* prisoner, filed an amended habeas corpus petition challenging the prison disciplinary hearing (WCC 14-01-724) that was held on February 10, 2014, where he was found guilty of possessing a controlled substance in violation of B-202 and deprived of 90 days earned credit time and demoted to Credit Class 2. The respondent argues that the petitioner's claims are procedurally defaulted. "[T]o exhaust a claim, and thus preserve it for collateral review under § 2254, a prisoner must present that legal theory to the . . . Final Reviewing Authority . . . ." *Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002). Question 6 on the form for filing a habeas corpus petition challenging a prison disciplinary proceeding asked McNeeley if he appealed to the Final Reviewing Authority – he placed an "X" in the box indicating "No."

In his traverse, McNeeley argues that "WCC is clearly hindering the appeal process[;] this can be demonstrated by the 60 days that elapsed between the filing of an appeal and the response. Because the time frame was so long (beyond IDC policy) they hindered the appeal process which is a violation of Due Process." (DE # 14 at 5.) The

record supports McNeeley's assertion that it took the Superindent nearly two months to respond to his appeal. (DE # 10-4.) McNeeley filed his appeal on February 11, 2014, and the response is dated April 2, 2014. *Id.* However, part of the response to his appeal states, "Since you suffered a grievous loss, you may appeal this decision to the final reviewing authority." (*Id.* at 2.) The appeal form states, "If the response if unfavorable and involves grievous loss sanctions, the offender may then forward the appeal, within fifteen (15) working days of the date the response is received from the facility head, to the appropriate Final Reviewing Authority." (*Id.* at 1.) Nothing here indicates that McNeeley was prevented from appealing to the Final Reviewing Authority. Nevertheless, there is no indication that he made any effort to do so. Therefore his claims are procedurally defaulted.

For these reasons, this case is **DISMISSED** and the clerk is **DIRECTED** to enter judgment against Jesse McNeeley.

**SO ORDERED.**

Date: August 12, 2015

 s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT